FILED
2018 Feb-09  PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

The Habitat Company LLC and The Habitat Company of Alabama LLC ("Habitat") and Donnell Johnson ("Johnson"), Johnson's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Last Day of Employment**. Employee's last day of employment with Habitat was on or about November 30, 2016.

2. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Habitat agrees:

    a. to pay to Employee Seven-Thousand and Five-Hundred Dollars ($7,500) as wage income, less lawful deductions, within seven (7) days after the later of: (1) Habitat's counsel's receipt of a signed copy of this Agreement; (2) the United States District Court for the Northern District of Alabama's approval of this Agreement in Case No. 2:17-CV-1298-TMP.

    b. to pay to Employee Eight-Thousand Dollars ($8,000) as non-wage income, to be reported by Employee as 1099 income within seven (7) days after the later of: (1) Habitat's counsel's receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Alabama's approval of this Agreement in Case No. 2:17-CV-1298-TMP. This includes compensation of Five Hundred Dollars ($500) for executing the general release herein.

    c. to pay to Scott Harwell, the gross amount of Eight-Thousand and Seven Hundred and Fifty Dollars ($8,750) for attorneys' fees and costs in prosecuting the claims of Employee within seven (7) days after the later of: (1) Habitat's counsel's receipt of a signed copy of this Agreement; and (2) the United States District Court for the Northern District of Alabama's approval of this Agreement in Case No. 2:17-CV-1298-TMP. This amount shall be reported as non-wage income to be reported by Scott Harwell as 1099 income.[1]

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein, and for Employee's Agreement to Dismiss with prejudice Employee's claims in Case No. 2:17-CV-1298-TMP, pending in the United States District Court of the Northern District of Alabama. Employee will, pursuant to this Agreement, obtain the dismissal of all claims he has raised against the Releasees (as defined below) upon Court approval of settlement as required by the Fair Labor Standards Act ("FLSA").

---

[1] *See* Plaintiff's executed release of all claims attached as Exhibit A.

_____ (Initial)

4. **Release, Claims Not Released and Related Provisions.**

    a.    **General and Mutual Release of All Claims**. Employee knowingly and voluntarily releases and forever discharges Habitat, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- The Fair Labor Standards Act ("FLSA");
- Alabama "Guns in the Parking Lot Act," Ala. Act 2013-283;
- Alabama workers' compensation and/or retaliatory discharge statutes, Ala. Code § 25-5-11.1 et seq.

_____ (Initial)

- The Alabama Age Discrimination in Employment Act;

- The Alabama Affirmative Action Program for Minorities;

- The Alabama Wage Payment and Work Hour Laws;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b. **Claims Not Released.** Employee is not waiving any rights he may have to: (a) his own vested accrued employee benefits under Habitat's health, welfare, or retirement benefit plans as of the Employee's separation date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

c. **Non-Interference.** Nothing in this Agreement prohibits or prevents Employee from confidentially or otherwise communicating or filing a charge or complaint with or participating, testifying, or assisting in any investigation, hearing, or giving truthful testimony or statements to, or participating in any proceeding before any federal, state, or local government or regulatory entity, or from responding if properly subpoenaed or otherwise required to do so under applicable law.

d. **Attorney's Fees**. Employee agrees to release, waive and forever discharge any and all claims against the Releasees for attorney's fees and costs pursuant to the Fair Labor Standards Act, and/or any other federal, state or local statute or ordinance.

e. **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Habitat, or any other Releasee identified in this Agreement as a party.

f. **Mutual Release**. Releasees knowingly and voluntarily release and forever discharge Employee and agents thereof, of and from any and all claims, known and unknown, asserted or unasserted, which the Releasees have or may have against Employee and agents thereof, as of the date of execution of this Agreement and General Release.

_____ (Initial)

5. **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, and is not presently a party to any claim against Habitat, other than those asserted in Case No. 2:17-CV-1298-TMP pending in the United States District Court, Northern District of Alabama.

Habitat affirms that it has not filed, caused to be filed, and is not presently a party to any claim or counterclaim against Employee.

Employee also affirms that the Consideration described in Paragraph 2 above compensates her for all hours she worked for Releasees through the date of this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Habitat and will continue to maintain the confidentiality of such information consistent with Habitat's policies and Employee's agreement(s) with Habitat and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Habitat or its officers, including any allegations of corporate fraud.

6. **Non-Disparagement.** Except as required by law, and except as provided in Paragraph 3(c) above, the parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Employee's relationship with Habitat, and/or, to the extent relevant, the circumstances surrounding Employee's claims against Habitat, or otherwise cast a negative characterization upon the other party. The parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so.

7. **No Right to Employment or Services Relationship**. Employee acknowledges and agrees that he has no present or future right to employment with any of the Releasees, and will not apply or seek consideration for any employment, engagement, or contract with any of them. Employee understands that should he violate this Paragraph, the Releasees have no obligation to interview, employ, engage or hire him and that any of the Releasees refusal to do so is not grounds for a legal claim or lawsuit.

_____ (Initial)

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Alabama without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts and Facsimiles.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument.  A facsimile or copy of a signature shall be treated as an original signature for all purposes.

**JOHNSON IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT.  JOHNSON ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO JOHNSON'S SIGNING OF THIS AGREEMENT.**

**JOHNSON MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY JOHNSON SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO THOMAS A. DAVIS, JACKSON LEWIS P.C. AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO THOMAS A. DAVIS OR HIS DESIGNEE, OR MAILED TO JACKSON LEWIS P.C., 800 SHADES CREEK PARKWAY, SUITE 870, BIRMINGHAM, ALABAMA  35209, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER JOHNSON SIGNS THIS AGREEMENT.**

_____ (Initial)

**JOHNSON AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**JOHNSON FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS JOHNSON HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

The Habitat Company of Alabama LLC and
The Habitat Company LLC

By:_____
Company Representative

By:_____
Donnell Johnson

Date: _____

Date: _____

_____ (Initial)

# EXHIBIT A

SW

I  DONNELL JOHNSON  hereby agree to accept $ ~~200~~ ~~833038~~ ~~$23,000~~ ~~24,000~~ total, of which I will receive $ ~~$2500~~ ~~15,000~~ and my attorney will receive $ ~~833338~~ ~~$9,000~~ ~~500000~~, as a full release of all claims against The Habitat subject to execution of a comprehensive Settlement Agreement and Court approval.

_Donnell Johnson_
Signature

Donnell Johnson
Printed Name

12/12/2017
Date