FILED
2018 Feb-14 PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREAS LARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cv-1290-TMP |
| | ) | |
| THE HABITAT COMPANY OF ALABAMA LLC and THE HABITAT COMPANY LLC, | ) ) ) ) | |
| Defendants. | ) | |

\* \* \* \* \*

| | | |
|---|---|---|
| LAURA SNYDER and ASHLEY (HALL) RICH, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:17-cv-1292-TMP |
| | ) | |
| THE HABITAT COMPANY OF ALABAMA LLC and THE HABITAT COMPANY LLC, | ) ) ) ) | |
| Defendants. | ) | |

\* \* \* \* \*

| | | |
|---|---|---|
| DONNELLE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cv-1298-TMP |
| | ) | |
| THE HABITAT COMPANY OF ALABAMA LLC and THE HABITAT COMPANY LLC, | ) ) ) ) | |
| Defendants. | ) | |

\* \* \* \* \*

| | |
|---|---|
| TORANDO OGLETREE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cv-1304-TMP |
| | ) |
| THE HABITAT COMPANY | ) |
| OF ALABAMA LLC and THE | ) |
| HABITAT COMPANY LLC, | ) |
| | ) |
| Defendants. | ) |

\* \* \* \* \*

| | |
|---|---|
| PATRICK RUTLEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cv-1305-TMP |
| | ) |
| THE HABITAT COMPANY | ) |
| OF ALABAMA LLC and THE | ) |
| HABITAT COMPANY LLC, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The parties in each of these cases have asserted claims that arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* On February 9, 2018, the parties in each case filed joint motions for a stipulated judgment approving settlement agreements. Attached as an exhibit to each motion is a settlement agreement and a document signed by the plaintiff. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties previously filed similar joint motions seeking approval of settlements, and the court held a hearing on January 29, 2019, in accordance with Lynn's Food Stores,

Inc., v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The court entered an order denying the motions to approve the settlement agreements, pointing out that each of the settlement agreements included a section entitled "General and Mutual Release of All Claims" in which each plaintiff agreed to "release[] and forever discharge[]" the defendants, their affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns" as well as their "current and former employees, attorneys, officers, directors and agents ... and their employee benefit plans and programs and their administrators and fiduciaries" from "any and all claims, known and unknown...." (See, *e.g.*, doc. 27-1 in Case No. 2:17-cv-1304-TMP). The court determined that the settlement agreements were not fair or reasonable because they contained uncompensated general releases of liability, citing Jun Soo Lee v. Guyoungtech USA, Inc., 247 F. Supp. 3d 1257, 1263 (S.D. Ala. 2017); Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1284 (M.D. Ala. 2011); Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1348-49 (M.D. Fla. 2010); and Clarke v. Alta Resources Corp., No. 2:17-cv-276-FtM-99CM, 2017 WL 495877, at *2 (M.D. Fla. Oct. 30, 2017) (approving settlement that included a release in which the plaintiff was paid $500 to compensate her for signing a "general release").

The parties have now offered for court approval settlement agreements in which each plaintiff, in addition to the amount previously offered as compensation for back wages and potential liquidated damages, reflects the payment of $500 as compensation to each plaintiff for signing the "Settlement Agreement and Mutual General Release."

The compensation to each plaintiff for his or her forfeiture of claims comports with Clarke and the other cases cited by the court.

That issue having been resolved to the satisfaction of the court, the court must further examine the pleadings to determine the fairness of the settlement of the FLSA claims at issue in each case. Generally, the claims of plaintiffs include allegations that the defendants violated the FLSA by failing to pay overtime wages while they were employed by the defendants. Claims for wages based upon the FLSA may not be settled through compromise unless the agreement reached by the parties is either approved by the Secretary of Labor or by the court in which the action is filed. Lynn's Food Stores, 679 F.2d at 1352-53. The court may approve such a settlement only after "scrutinizing the settlement for fairness." 679 F.2d at 1353 (citing Schulte, Inc., v. Gangi, 328 U.S. 108 (1946) and Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)). The Eleventh Circuit provides that parties may agree to a compromise of an FLSA claim under limited circumstances, explaining:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in

4

> dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. But to approve an "agreement" between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA.

Lynn's Food Stores, 679 F.2d at 1354. Therefore, an employee may compromise a claim only where the district court finds that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1354.

The court has reviewed the pleadings in these cases, along with the joint motions and exhibits, and has examined the fairness of the settlements. The settlement agreements submitted to the court includes the amount to be paid to each plaintiff as wages, as liquidated damages, as compensation for the general release, and as attorney's fees. All parties have been ably represented by counsel throughout the litigation. Counsel have represented that the negotiations were conducted at arms-length and after considering all aspects of the dispute, including the risks of continued litigation, extended discovery, and trial. The parties engaged in mediation to resolve their claims. The court has reviewed the pleadings in these cases, along with the joint motions, and has examined the fairness of the settlements.

The court finds that there exist *bona fide* disputes regarding the FLSA's application to these cases and regarding liability under the FLSA, and that the settlement agreements reached by the parties after discovery are full, fair, adequate, and reasonable

resolutions of these *bona fide* disputes. The court further finds that the agreements in each case reflect a negotiated, good faith compromise of the disputed wages sought pursuant to the FLSA and the attorney's fees. The court acknowledges that this Order is a judicial approval of a reasonable compromise and is not a finding, conclusion, or reflection of any admission of any FLSA violation, willful, intentional, or otherwise.

Accordingly, the Joint Motion for Stipulated Judgment and Approval of Settlement Agreement in each of these cases is due to be granted. Separate orders will be entered.

The Clerk is directed to file a copy of this order in each of the above-styled cases.

DATED the 14th day of February, 2018.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE